892 F.2d 83
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sonia Arguentina ARGUELLO DE RIVERA, Holbin Rivera-Arguello,
Iksayana Valeska Rivera-Arguello, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 88-7376.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 3, 1989.
Decided Dec. 13, 1989.
 
 Before NELSON, TROTT and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Petitioners Sonia Arguentina Arguello de Rivera and her two minor children, Holbin Rivera-Arguello and Iksayana Valeska Rivera-Arguello, seek review of a Board of Immigration Appeals (BIA) order denying their applications for withholding of deportation and asylum. They are natives and citizens of Nicaragua who entered the United States without inspection on July 3, 1984. At their deportation hearing, the Riveras conceded deportability and applied for withholding of deportation under 8 U.S.C. § 1253(h) and for political asylum under 8 U.S.C. § 1158(a). The immigration judge denied both applications. The Board of Immigration Appeals dismissed the Riveras' appeal, holding that they had failed to show either a "clear probability" or a "well-founded fear" of persecution. Because there is substantial evidence in the record to support the BIA order, we affirm.
 
 I.
 
 3
 We review the factual findings underlying the BIA's denial of withholding of deportation and asylum under the substantial evidence standard. Argueta v. INS, 759 F.2d 1395, 1396 (9th Cir.1985). Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Turcios v. INS, 821 F.2d 1396, 1398 (9th Cir.1987). The substantial evidence standard requires that "the BIA's conclusion, based on the evidence presented, be substantially reasonable." Diaz-Escobar v. INS, 782 F.2d 1488, 1493 (9th Cir.1986).
 
 II.
 
 4
 Eligibility for asylum under § 208(a) of the Refugee Act of 1980 depends upon whether the alien qualifies as a "refugee." Section 101(a)(42) defines a "refugee" as a person who has a well-founded fear of persecution. 8 U.S.C. § 1101(a)(42)(A) (1982). The well-founded fear standard requires that "(1) the alien have a subjective fear, and (2) that this fear have enough of a basis that it can be considered well-founded." Cardoza-Fonseca v. INS, 767 F.2d 1448, 1453 (9th Cir.1985), aff'd, 480 U.S. 421 (1987). The second prong of this standard proscribes an objective analysis: the applicant bears the burden of producing " 'specific facts that give rise to an inference that the applicant has been or has a good reason to fear that he or she will be singled out for persecution on one of the specified grounds' listed in section 208(a)." Cardoza-Fonseca, 767 F.2d at 1453 (quoting Carvajal-Munoz v. INS, 743 F.2d 562, 574 (7th Cir.1984) (emphasis in original)).
 
 
 5
 Petitioners satisfy the subjective component. Mrs. Rivera expressed fear for her own safety and for the safety of her children. There is no indication that her testimony was anything but candid, credible and sincere. See Platero-Cortez v. INS, 804 F.2d 1127, 1131 (9th Cir.1986).
 
 
 6
 However, substantial evidence supports the BIA's determination that petitioners failed to meet the objective prong of the test. The evidence showed that Mrs. Rivera, who was employed as a teacher, was reprimanded for deviating from guidelines which she regarded as forcing her to teach revolutionary subjects; she was accused of being anti-Sandinista; her husband, an active supporter of the Somoza government, had held a position in the Sandinista government but after he had refused to attend compulsory military training, voluntarily left for the United States; in early 1982 there was a bomb threat at the house of Mrs. Rivera's brother, where the entire family lived; in April 1982 Mrs. Rivera followed her husband to the United States, leaving her four young children behind; in July 1983 she returned with a baby, lived in Nicaragua for approximately one year at the same house, and once was denied medical treatment for her son; and while she was there, but after her brother had left the country, another bomb threat was made. Although her testimony about bomb threats is troubling and raises an inference that the whole family was a target, overall Rivera's testimony supports the BIA's finding that the bomb was placed in the house and the threat was made because her brother owned the house and worked for the Somoza guard. See Rodriguez-Rivera v. INS, 848 F.2d 998, 1006 (9th Cir.1988). There is no evidence that petitioners or their relatives had been tortured or imprisoned, or have been threatened with torture, imprisonment or death. Mrs. Rivera was also permitted to enter, and she and her children to exit, Nicaragua without difficulty. Under these circumstances the BIA's determination was substantially reasonable.
 
 III.
 
 7
 To qualify for withholding of deportation an alien must show a "clear probability of persecution," which is a higher standard than the "well-founded fear of persecution" required for asylum. Artiga Turcios v. INS, 829 F.2d 720, 724 (9th Cir.1987). Because we have concluded that substantial evidence supports the BIA's denial of asylum, its determination denying withholding of deportation is necessarily correct.
 
 
 8
 PETITION DENIED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3